OPINION
Plaintiff-appellant, Susan J. Milner, appeals from a judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections, overruling the objections of defendant-appellee, Brian C. Milner, and adopting the magistrate's decision.
The parties' marriage was terminated by a judgment entry — decree of divorce on February 29, 1996. In the decree, the trial court adopted appellant's shared parenting plan for the minor children, Andrew and Eric. Under the terms of the shared parenting plan, appellant was designated as the residential parent for school placement purposes, but the decree provided that the parties were to decide jointly which schools the children would attend. Appellee was granted companionship time with the children every other weekend, every Tuesday from 5:30 p.m. until 8:30 a.m. on Wednesday, and every Thursday from 5:30 p.m. until 8:30 a.m. on Friday. In the decree, appellee was ordered to pay child support in the amount of $655.28 per month, plus poundage (now processing charge).
Appellee filed a motion to reallocate parental rights and responsibilities on January 29, 1997, requesting that he be designated as residential parent or, in the alternative, an adjustment to the existing shared parenting plan. Appellee also filed a contempt motion against appellant. On April 9, 1997, the trial court, by agreement of the parties, increased appellee's child support obligation to $850 per month, plus poundage, and referred the issue to be reviewed de novo by the magistrate in conjunction with the other pending motions. The magistrate held hearings on these motions from August 25 to August 29, and on September 2, 1997. The magistrate issued a decision on October 23, 1997, in which he terminated the shared parenting plan, designated appellee as the sole residential parent and legal custodian for the minor children, awarded appellant visitation, and ordered appellant to pay appellee child support in the amount of $645.54 per month, plus poundage.
Appellant filed a request for findings of fact and conclusions of law, as well as a motion for a new trial. The trial court referred the motion to the magistrate, who granted the motion with respect to any newly discovered evidence and conducted an additional hearing on February 18, 1998. The parties submitted proposed findings of fact and conclusions of law. On July 1, 1998, the magistrate issued an amended decision including findings of fact and conclusions of law reaffirming his prior decision. Both parties filed objections to the magistrate's decision. The trial court issued a judgment entry on December 30, 1998, overruling both parties' objections. Appellant filed a timely notice of appeal.
On appeal, appellant asserts four assignments of error:
ASSIGNMENT OF ERROR No. 1
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO THE BEST INTEREST OF THE CHILDREN, BY TERMINATING THE PARTIES' SHARED PARENTING PLAN AND DESIGNATING THE APPELLEE AS THE RESIDENTIAL PARENT FOR THE PARTIES' TWO CHILDREN.
 ASSIGNMENT OF ERROR No. 2
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO THE BEST INTEREST OF THE CHILDREN, BY DESIGNATING THE APPELLEE AS THE RESIDENTIAL PARENT FOR THE PARTIES TWO CHILDREN.
 ASSIGNMENT OF ERROR No. 3
 THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE WEIGHT OF THE EVIDENCE, BY DRASTICALLY CURTAILING THE NORMAL AMOUNT OF TIME AND FREQUENCY THE CHILDREN SHARED WITH THE MOTHER UNDER THE SHARED PARENTING PLAN AND BY ISSUING A VISITATION ORDER WHICH WAS UNTENABLE FOR THE CHILDREN.
 ASSIGNMENT OF ERROR No. 4
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROVIDE A DEVIATION TO THE APPELLANT IN THE CHILD SUPPORT AWARD UNDER THE OHIO CHILD SUPPORT GUIDELINES.
Both the magistrate and the trial court included an extensive discussion of the facts in their decisions. Therefore, we will discuss the facts only as they relate to the specific assignments of error below.
In appellant's first and second assignments of error, she argues that the trial court abused its discretion and held against the manifest weight of the evidence by terminating the parties' shared parenting plan and designating appellee as residential parent and legal custodian for the children. We disagree.
The Supreme Court of Ohio has recognized that domestic relations courts have broad discretion in matters related to the allocation of parental rights and responsibilities and has cautioned that appellate courts must accord "the utmost respect" to this discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. In Miller, the Supreme Court of Ohio noted that "[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Id., citing Trickey v.Trickey (1952), 158 Ohio St. 9, 13. Thus, the Supreme Court indicated that "the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." Id., citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Therefore, a trial court's decision regarding the allocation of parental rights and responsibilities will not be reversed on appeal absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218. Additionally, the Supreme Court of Ohio has held that "[w]here an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus.
Under R.C. 3109.04(E)(1)(a), a court may not modify a prior decree allocating parental rights and responsibilities "unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
Additionally, the trial court must retain the existing residential parent unless the potential harm to the child is outweighed by the advantages of the change of environment. R.C.3109.04(E)(1)(a)(iii). R.C. 3109.04(E)(2) provides that "[i]n addition to a modification authorized under division (E)(1) of this section" a court may terminate a prior shared parenting plan if it determines on its own motion, or upon the motion of one of the parties, that shared parenting is no longer in the best interest of the children. R.C. 3109.04(E)(2)(c). Once a shared parenting plan is terminated under R.C. 3109.04(E)(2)(c), the court must reallocate parental rights and responsibilities under R.C. 3109.04(A), (B) and (C) as if no prior shared parenting plan had been granted. R.C. 3109.04(E)(2)(d). Thus, the statutory scheme allows for a parent under a shared parenting plan to request a modification under R.C. 3109.04(E)(1) or (2)(b), or a termination under R.C. 3109.04(E)(2).
Here, the trial court and the magistrate treated appellee's motion for a reallocation of parental rights and responsibilities as a request for a modification of the shared parenting plan or, in the alternative, for a termination and then proceeded to a change of circumstances analysis under R.C.3109.04(E)(1). The Supreme Court of Ohio has explained that a change in circumstances does not have to be "substantial," but "the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. The Supreme Court of Ohio indicated that a trial court's finding of a change in circumstances should not be disturbed on appeal absent an abuse of discretion. Id. at 416.
The trial court found a change of circumstances based on "the parties' behavior and unwillingness to comply with the terms and the spirit of the shared parenting plan." The record contains numerous instances of the parties' inability to agree on the children's school, childcare, extracurricular activities and religious education. This inability to agree has resulted in both parties making unilateral decisions for the children. Additionally, both parties made inappropriate and antagonistic comments, sometimes in the presence of the children. Ohio courts have recognized that the inability of parents to cooperate and communicate may constitute a change of circumstances. Davis, at 420; Thompson v. Thompson (Dec. 19, 1997), Champaign App. No. 95-DR-11, unreported. Thus, the trial court did not abuse its discretion in finding a change of circumstances.
The magistrate made extensive findings under the factors of R.C. 3109.04(F)(1) and (2) regarding whether shared parenting was in the best interest of the children. Based upon these findings, the magistrate concluded that the shared parenting plan was no longer in the best interest of the children and that the shared parenting plan should be terminated. In addition, the magistrate found that the harm likely to be caused by a change of environment was outweighed by the advantages of the change in environment. The trial court concurred in both of these conclusions. These findings are fully supported by the record.
Although the ability of the parents to cooperate and make decisions jointly is only one factor in determining whether shared parenting is in the best interest of the children under R.C. 3109.04(F)(2), Ohio courts, including this court, have held that shared parenting is not appropriate where the parents cannot communicate, cooperate and make joint decisions. Shoff v. Shoff
(June 30, 1998), Franklin App. No. 97APF10-1377, unreported (1998 Opinions 2390); Thompson; Neel v. Neel (1996), 113 Ohio App.3d 24,35-36; deLevie v. deLevie (1993), 86 Ohio App.3d 531, 539. Consequently, we conclude that the trial court did not abuse its discretion in terminating the shared parenting plan under either R.C. 3109.04(E)(1)(a) or (2)(b) and (c), and that its decision to terminate the shared parenting plan is not against the manifest weight of the evidence.
Although appellant argues that the trial court should have merely ordered the parties to comply with the existing shared parenting plan and that its termination amounted to judicial overkill, the statutory scheme of R.C. 3109.04 does not require that the trial court maintain a shared parenting plan in the face of evidence that the parents are unwilling to cooperate and communicate. Appellant's argument would require that the trial court micro-manage the shared parenting plan and merely invites more litigation and acrimony between the parties.
Once the shared parenting plan was terminated, R.C.3109.04(E)(2)(d) requires that the court issue a modified decree allocating parental rights and responsibilities under R.C.3109.04(A), (B), and (C) as if no request for shared parenting had been made or granted. Under R.C. 3109.04(A)(1), the trial court, considering the best interest of the children, must designate one parent as residential parent and legal custodian and divide the other parental rights and responsibilities, including child support and companionship time.
Here, the magistrate made extensive findings under the best interest factors of R.C. 3109.04(F)(1). As noted above, our review of the transcripts and depositions indicates that these findings are fully supported by the record. The magistrate and the trial court acknowledged that the choice of the residential parent was a close call. Both parents have a close and loving relationship with the children. However, the record supports the magistrate's finding that appellee is better able to encourage the sharing of love and affection between the children and appellant, has exhibited flexibility and a willingness to allow additional visitation time with appellant, and is clearly very actively involved in the children's education and social development. Additionally, the guardian ad litem recommended that appellee be the residential parent for school purposes and noted that he is more flexible and communicative.
The magistrate's and the trial court's designation of appellee as residential parent and legal custodian was well within the trial court's discretion and fully supported by the record. Therefore, the trial court did not abuse its discretion or hold against the manifest weight of the evidence in designating appellee as residential parent and legal custodian of the children. Consequently, appellant's first and second assignments of error are overruled.
In appellant's third assignment of error, she argues that the trial court abused its discretion and held against the manifest weight of the evidence and the best interest of the children by reducing the amount and frequency of appellant's visitation time with the children. We disagree.
The Supreme Court of Ohio has recognized that trial courts have broad discretion in visitation matters. Appleby v.Appleby (1986), 24 Ohio St.3d 39, 41; State, ex rel. Scordato v.George (1981), 65 Ohio St.2d 128, 129. Thus, a trial court's decision regarding visitation will not be reversed on appeal absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,144.
Under the original visitation schedule, the children split their time between the parties' homes during the week, with the children alternating homes every weeknight and then alternating households every weekend. The magistrate terminated the shared parenting plan and issued a new companionship and visitation schedule. Appellant was granted companionship and visitation with the children every weekend from Friday after school until Monday morning except for the third weekend of the month, the Monday following the third weekend of the month from after school until 8:30 p.m., every spring break, Martin Luther King Day, Memorial Day and Labor Day, all of summer break from the day after school is out until the week before school resumes except for one week night, alternating weekends, and one week uninterrupted vacation with appellee. The magistrate explained that this companionship schedule would maximize the children's weekend, vacation and summer time with appellant to provide her the opportunity to continue to nurture the children emotionally while also maximizing the children's school week with appellee to continue to allow him to direct their educational and social development. The magistrate also indicated that this schedule would allow for less conflict between the parties and provide the children with more consistency and organization related to their schoolwork. Additionally, the magistrate encouraged appellant to continue to volunteer in school activities and to attend the children's extracurricular activities so that she would see the children during the week.
Although appellant argues that this schedule is not in the best interest of the children, the magistrate carefully tailored the visitation schedule to meet the educational and emotional needs of the children while reducing the opportunity for conflict between the parties. The visitation will provide for more stability for the children during the school week and ample time for nurturing by appellant on weekends, vacation, and the summer. Moreover, appellee has demonstrated flexibility in allowing the children to see appellant whenever the children expressed a desire to see her. Therefore, the companionship and visitation schedule is fully supported by the record and is well within the discretion of the trial court. Appellant's third assignment of error is overruled.
In appellant's fourth assignment of error, she argues that the trial court abused its discretion by failing to grant a deviation from the child support guidelines. We disagree.
The Supreme Court of Ohio has recognized that "[i]t is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144.
The guidelines in R.C. 3113.215 provide a uniform method for calculating a party's child support obligation. The Supreme Court of Ohio has held that "the terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139,143. The amount of child support calculated pursuant to R.C.3113.215 is rebuttably presumed to be correct unless the court determines that the amount calculated is unjust or inappropriate and not in the best interest of the children. R.C.3113.215(B)(1)(a); Marker, at 141. The statute allows for a deviation from the guidelines child support amount upon a weighing of the factors in R.C. 3113.215(B)(3). This court has held that "[a] party rebutting the basic child support guidelines amount has the burden of providing evidence which demonstrates that the calculated award is unjust, inappropriate or not in the best interest of the child." Schultz v. Schultz (1996), 110 Ohio App.3d 715,721.
Here, the magistrate considered the factors under R.C.3113.215(B)(3) and concluded that the evidence was insufficient to conclude that the guidelines amount of child support is unjust, inappropriate or not in the best interest of the children. The trial court found that the magistrate's decision on child support is supported by the evidence. Upon a review of the record, we agree with the magistrate that appellant failed to meet her burden of proving that a deviation from the guidelines amount is warranted. Contrary to appellant's argument, it was her duty to present any evidence under R.C. 3113.215 (B)(3), and she had the opportunity to do so both in the original hearing and after the motion for a new trial was granted. Consequently, the trial court did not abuse its discretion by not granting appellant a deviation. Appellant's fourth assignment of error is overruled.
Based upon the foregoing reasons, appellant's four assignments of error are overruled, and the decision of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and BOWMAN, J., concur.