THE STATE, EX REL. SCORDATO, APPELLANT, *v.*
GEORGE, JUDGE, APPELLEE.

[Cite as State, ex rel. Scordato, v. George (1981),
65 Ohio St. 2d 128.]

(No. 80-1630—Decided March 31, 1981.)

*Mr. Paul A. Nidich,* for appellant.

*Messrs. Furer, Moskowitz, Siegel & Mezibov,* and *Mr. Joel S. Moskowitz,* for appellee.

*Per Curiam.*  The Court of Appeals, in effect, found that the extended visitation order at issue in this case was not the equivalent of a formal modification of a prior custody decree. While custody and visitation are obviously related, a court's discretion regarding visitation is broader. See R. C. 3109.05. The Court of Appeals also found that appellee had not abused his discretion in ordering the "extended visitation." We do not find that the Court of Appeals abused its discretion in making such determination. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. Appellee is thus under no clear legal duty to act as the appellant requests, and the denial of the writ of mandamus is affirmed.

As for the writ of prohibition, the decision of the Court of Appeals will be affirmed. Prohibition does not lie when the court has jurisdiction of the subject matter and the parties; the writ will not issue to prevent a prospective erroneous judgment. *State, ex rel. Erie County Demo. Exec. Comm.,* v. *Brown* (1966), 6 Ohio St. 2d 136, 138.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.