OPINION
{¶ 1} Defendant-appellant, Melissa Elson, appeals the October 13, 2004 order of the Court of Common Pleas, Domestic Relations Division, Shelby County, Ohio, modifying plaintiff-appellee Frank Elson's visitation rights with their daughter, Shelby Elson.
 {¶ 2} The parties were divorced on November 25, 2002. Pursuant to the divorce decree, Melissa was designated Shelby's residential parent and Frank was granted visitation rights as follows: standard visitation every other weekend, every Monday and Wednesday evenings from 5:30 p.m. until 8:00 p.m., and first option to babysit over the Christmas Holiday. Thus, visitation would total 58 hours for every two week period year-round.
 {¶ 3} On August 13, 2003 Melissa filed a Motion for Modification of Parental Rights and Responsibilities. Frank responded by filing a Motion for Shared Parenting Plan and/or Increase in Visitation on September 22, 2003. The court appointed a Guardian Ad Litem, who investigated and issued a report to the magistrate. In her report, the guardian ad litem recommended changing the visitation schedule so that during the school year Frank would have visitation rights Wednesday evenings from 5:30 p.m. to 8:00 p.m., alternating weekends from 7:00 p.m. on Friday until 8:00 p.m. on Sunday, and on the "off-Sunday" from 2:00 p.m. until 8:00 p.m. During the summer months, the parties would have the option of returning to the original schedule so that the off-Sunday visitation would be eliminated and visiting time on Mondays from 5:30 p.m. to 8:00 p.m. would be reinstated. This visitation schedule would give Frank 60 hours of visiting time every two weeks with Shelby.
 {¶ 4} Following a hearing, on March 29, 2004 the magistrate filed a decision and adopted the recommendation of the guardian ad litem with the following adjustments to the visitation schedule: during the school year Frank's visitation would begin at 3:00 p.m. on the off-Sunday rather than the recommended 2:00 p.m. Frank would not have visitation on that Sunday during the summer months, but would again have visitation on Monday evenings from 5:30 p.m. to 8:00 p.m. Accordingly, Frank would have 59 hours of visitation time every two weeks. However, the magistrate made a specific finding consistent with the guardian ad litem's recommendation that an increase in Frank's visitation time would be in Shelby's best interests.
 {¶ 5} Frank then filed two objections with the magistrate's decision: (1) that the magistrate erred by not increasing the number of visitation hours as requested in his motion, and (2) that the magistrate erred by failing to find that a shared parenting plan was in Shelby's best interests. In its September 8, 2004 judgment entry, the trial court overruled the second objection, holding that Frank had failed to demonstrate a change in circumstances as required under R.C. 3109.04 for custody modifications.
 {¶ 6} As to the first objection, Frank argued that the magistrate actually decreased his parenting time after finding that it was in Shelby's best interests to increase her time spent with her father. He based this assertion on an incorrect interpretation of the divorce decree. He argued below, and again before this court, that the divorce decree granted him visitation rights on Monday and Wednesday evenings from 5:30 to 8:30, which would give him a total of 60 hours every two weeks. However, the divorce decree specifically states: "[Frank] shall also be entitled to visitation every Monday and Wednesday evenings from 5:30 to 8:00 * * *." Although there is some indication in the record that Frank had a 30 minute leeway before dropping Shelby off, the specific grant of visitation indicated that his time on weeknights ended at 8:00 p.m., and his persistent refusal to return Shelby at that time was a matter of some contention between the parties. Regardless, his visitation rights pursuant to the divorce decree allowed him 58 hours every two weeks with his daughter, and the magistrate's recommendation did increase his time to 59 hours every two weeks.
 {¶ 7} The trial court adopted the findings of the guardian ad litem and the magistrate that an increase in Frank's visitation time was in Shelby's best interests. Based on those findings, the court concluded that an increase in parenting time was warranted, and it sustained Frank's second objection to the magistrate's decision.
 {¶ 8} The court then established additional visitation time. During the school year, Frank's visitation time includes Wednesday evenings from 5:30 to 8:00, alternate weekends from 7:00 p.m. on Friday until 8:00 p.m. on Sunday, and off-Sunday's from 9:00 a.m. until 8:00 p.m. During the summer months, the trial court also granted Frank visitation on Monday evenings from 5:30 to 8:00. However, the court also indicated that Shelby be returned at 8:00 "sharp" after each visitation, eliminating the thirty minute leeway Frank had enjoyed previously. Under this schedule, Frank's visitation time would be increased to 65 hours every two weeks during the school year, and 70 hours every two weeks during the summer.
 {¶ 9} Melissa now appeals the decision of the trial court, asserting the following two assignments of error:
The trial court erred in finding in favor of Plaintiff-Appellee's firstobjection to the decision of the magistrate when it orderedPlaintiff-Appellee get more visitation than the recommendation of themagistrate and guardian ad litem as the same was an abuse of discretionas it was arbitrary, unreasonable and against the manifest weight of theevidence.
 The trial court erred when it concluded that Plaintiff-Appelleeactually had fewer hours After the magistrate's decision as saidconclusion was arbitrary, unreasonable, and against the manifest weightof the evidence.
 {¶ 10} In both of these assignments of error Melissa argues that the trial court abused its discretion when it decided to increase Frank's parenting time. Therefore, for ease of discussion we will address the assignments of error together.
 {¶ 11} The issue in this case involves the trial court decision to modify Frank's visitation rights. The establishment and modification of a non-residential parent's visitation rights are within the sound discretion of the trial court. Appleby v. Appleby (1986), 24 Ohio St.3d 39,41. The trial court's discretion over this issue is broader than the court's discretion regarding child custody matters. Id., citing State, exrel. Scordato v. George (1981), 65 Ohio St.2d 128.
 {¶ 12} The Ohio Supreme Court examined the distinction between custody rights and visitation rights in Braatz v. Braatz (1999), 85 Ohio St.3d 40,45. The Court found that R.C. 3109.04 applied only to custody rights, and that R.C. 3109.051(D) set forth the standard for trial courts to apply when asked to modify visitation rights.[1] Pursuant to R.C. 3109.051(D), a trial court is permitted to modify visitation rights if it determines that the modification is in the child's best interests. In making this determination, the court is required to consider the factors laid out in R.C. 3109.051(D).
 {¶ 13} The Braatz decision gave trial courts further instruction with regards to applying the factors listed in R.C. 3109.051(D): "The better practice, * * * is for the trial court, upon request by a party, to file findings of fact and conclusions of law." Braatz, 85 Ohio St.3d at 45. However, nowhere in that decision did the Court require trial courts to follow this procedure. Accordingly, we have found that when the parties do not request that the trial court make findings of fact and conclusions of law we would not require the trial court to do so. Long v. Long
(2000), Marion App. No. 9-00-58, 2000-Ohio-1801, 2000 WL 1752238, at *2; see also, Dale v. Salasek (2000), 5th Dist. No. 2000CA00050, unreported, 2000 WL 1232301. In that instance, where the judgment entry was general in nature, we assume the regularity of the trial court proceedings below. Id.
 {¶ 14} In the instant case, the trial court specifically held that an increase in the visitation time was in Shelby's best interests. The parties did not request that the court make findings of fact and the language of the decision did not specify whether the court had considered the factors listed in R.C. 3109.051(D). However, both the guardian ad litem and the magistrate made specific findings pertaining to those factors and indicated that an increase in parenting time was in the child's best interests. Both then proceeded to recommend a visitation schedule that minimally increased Frank's visitation time with Shelby. The trial court adopted the finding that an increase in parenting time was in Shelby's best interests, although it apparently did not agree that an additional hour every two weeks was sufficient to meet those interests.
 {¶ 15} Although the judgment entry itself does not indicate that the trial court considered the factors in R.C. 3109.051(D), the evidence in the record indicates that these were considered in recommending an increase in visitation. The evidence therefore supports the trial court's conclusion, and absent evidence to the contrary, we will presume the regularity of the proceedings.
 {¶ 16} Based on the foregoing, we find that the trial court did not abuse its discretion in increasing Frank's visitation time with Shelby. Appellant's assignments of error are overruled, and the decision of the Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.
[1] Contrary to appellee's assertions, this appeal does not involve the modifications of parental rights and responsibilities. Appellant has appealed the trial court decision to increase appellee's visitation rights. However, appellee has not appealed the decision of the trial court overruling his second objection to the magistrate's decision wherein he argued that the magistrate erred by not adopting his proposed shared parenting plan. Accordingly, this appeal deals with visitation rights not custody rights. See Braatz, 85 Ohio St.3d at 44. Thus, appellee's reliance on our decision in Jackson v. Copeland-Jackson,
Paulding App. No. 11-04-05, 2004-Ohio-5426, ¶ 4, for the standard of review to be applied in this case is misplaced, as that case involved a child custody dispute and not visitation rights.