[Cite as *Hammons v. Hammons*, 2014-Ohio-221.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| LAUREN HAMMONS | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee/ | : | Hon. Patricia A. Delaney, J. |
| Cross-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| MATTHEW HAMMONS | : | Case No. 13 CAF 07 0053 |
| | : | |
| | : | |
| Defendant - Appellant/ | : | O P I N I O N |
| Cross-Appellee | : | |


CHARACTER OF PROCEEDING:        Appeal from the Delaware County
                                Court of Common Pleas, Case No.
                                11 DR A 06 339


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               January 21, 2014



APPEARANCES:

For Plaintiff-Appellee/                 For Defendant-Appellant/
Cross-Appellant                         Cross-Appellee

GARY J. GOTTFRIED                       J.C. RATLIFF
608 Office Parkway, Suite B             200 West Center Street
Westerville, OH 43082                   Marion, OH 43302

*Baldwin, J.*

{¶1}     Appellant/cross-appellee Matthew Hammons (hereinafter "appellant") and appellee/cross-appellant Lauren Hammons (hereinafter "appellee") both appeal a divorce judgment of the Delaware County Common Pleas Court.

### STATEMENT OF FACTS AND CASE

{¶2}     The parties were married on July 20, 2002, and have one son, born March 4, 2009.  On June 17, 2011, appellee filed a complaint for divorce.

{¶3}     The case proceeded to a hearing before a magistrate.  After the hearing began, appellant filed a motion for shared parenting.  The magistrate did not consider shared parenting, finding that although the guardian ad litem recommended shared parenting, neither party filed a plan within the statutory time, and the parties did not agree to shared parenting.  The magistrate further found that shared parenting was not in the best interest of the child due to the parents' inability to communicate effectively with each other and their contrasting parenting styles.

{¶4}     The magistrate recommended that appellee be named the residential parent, and that appellant exercise parenting time in accordance with Local Rule13B, except that beginning with the Sunday evening after school is recessed, appellee and appellant would alternate weeks during the summer, with each being entitled to an extra week for a vacation except for the week after school recesses or the week before school resumes.  The magistrate recommended that the parties continue to drop off and pick up the child at the parking lot of the Delaware County Sheriff's parking lot and continue to each bring a representative to escort the child from car to car.

{¶5}    The magistrate recommended that child support be set at $1,093.22 per month plus a 2% processing charge for a total of $1,115.08.  This amount represented an increase over the temporary monthly child support obligation, which was $854.24.

{¶6}    The parties filed objections to the magistrate's report.  The court found that appellant filed his shared parenting plan after the substantive portion of appellee's case in chief was completed and the magistrate therefore did not err in failing to consider the plan.  The court further found that based on the record, shared parenting was not in the best interest of the child, and that a week-to-week summer schedule which limited contact between the parties was in the child's best interest.  The judge entered judgment in accordance with the magistrate's recommendation of child support, making the support amount effective the date of the filing of the divorce decree.

{¶7}    Appellant assigns a single error to the divorce decree:

{¶8}    "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING APPELLANT PARENTING TIME LESS THAN THE PARENTING TIME OUTLINED IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, OHIO LOCAL RULE 13B WHERE (1) THE GUARDIAN AD LITEM RECOMMENDED THAT THE COURT AWARD THE APPELLANT PARENTING TIME GREATER THAN LOCAL RULE PARENTING TIME; (2) THE APPELLEE AGREED WITH THE GUARDIAN AD LITEM'S RECOMMENDATION THAT APPELLANT RECEIVE PARENTING TIME GREATER THAN LOCAL RULE PARENTING TIME; AND (3) NO EVIDENCE WAS PRESENTED ESTABLISHING THAT SUCH AN ORDER WOULD BE IN THE BEST INTERESTS OF THE CHILD."

{¶9}    Appellee also assigns a single error to the divorce decree:

{¶10}   "II.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT STATED IN ITS DECREE OF DIVORCE THAT THE EFFECTIVE DATE OF THE CHILD SUPPORT MODIFICATION WAS THE DATE OF THE DECREE AND DID NOT MAKE THE ORDER OF CHILD SUPPORT RETROACTIVE TO MAY 15, 2012, WHICH WAS THE FIRST DAY OF TRIAL ON THE COMPLAINT FOR DIVORCE."

I.

{¶11}   Appellant argues that the court erred in awarding him less parenting time than outlined in Local Rule 13B because the guardian ad litem recommended that he received more parenting time, appellee agreed with the guardian ad litem's recommendation, and the evidence did not demonstrate that the parenting time order is in the best interest of the child.  He argues that the order of summer parenting time on alternate weeks will result in less parenting time than allowed by Local Rule, depending on the schedule of the school the child attends.

{¶12}   A trial court's establishment of a non-residential parent's visitation rights is within its sound discretion, and will not be disturbed on appeal absent a showing of an abuse of discretion. *Appleby v. Appleby,* 24 Ohio St.3d 39, 41, 492 N.E.2d 831 (1986); *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The trial court's discretion over visitation in this situation is broader than the court's discretion regarding child custody matters.  *Id.*, citing *State ex rel. Scordato v. George*, 65 Ohio St.2d 128, 419 N.E.2d 4 (1981). Furthermore, the trial court must exercise its discretion in the best interest of the child. *Bodine v. Bodine*, 38 Ohio App.3d 173, 175, 528 N.E.2d 973 (1988).  A trial court also has discretion to follow or reject the recommendations of a

guardian ad litem. *Wine v. Wine*, 5th Dist. Delaware No. 04 CA F 10 068, 2005-Ohio-975, ¶75.

{¶13}   In the instant case, the guardian ad litem recommended shared parenting. The court found that appellant filed his motion for shared parenting too late to be considered by the court, and appellee did not agree to shared parenting.  Appellant does not assign error to the court's decision naming appellee the residential parent of the child.

{¶14}   The guardian ad litem recommended shared parenting.  However, as noted by the magistrate, the guardian's report is internally inconsistent.  While recommending shared parenting, the guardian noted that there has been much conflict between the parents and this conflict existed throughout the relationship.   Further, her report noted that appellant was in a transitional phase in his life in which he was reprioritizing to put the child first.  She noted that he had the potential to be an extraordinary father, but also noted that he makes poor choices.

{¶15}   The testimony before the court established that the parties have difficulty communicating with each other, that appellant had at times been verbally and physically abusive toward appellee, and that he had pled guilty to violating a Civil Protection Order during the pendency of the case.  The evidence further established that pursuant to the temporary order, appellee had been the residential parent pending trial, with appellant exercising Local Rule parenting time, and the child was healthy, happy and well-adjusted.

{¶16}   While appellant argues that appellee agreed that he exercise equal parenting time in accordance with the recommendation of the guardian, this

"agreement" was in the form of her testimony that she agreed with the guardian's recommendation to give appellant an extra night on Sundays because of appellant's family dinner and an overnight visit on Wednesdays, but she did not stipulate or formally agree to a visitation schedule in accordance with the guardian's report, and she testified that she believed she should be the residential parent.

{¶17}   Appellant did not specifically object to the magistrate's recommendation that the parties deviate from Local Rule visitation in the summer.  As noted by the trial court, "The Defendant has failed to specify what portion of the record contained the specific errors as to a schedule, other than the Plaintiff agreed with the Guardian's schedule."  Judgment Entry, June 4, 2013.  The court went on to find that the week-to-week summer schedule was appropriate, as it was in the child's best interest to limit contact between the parties.

{¶18}   The court did not abuse its discretion in ordering a week-to-week summer schedule that limits contact between the parties.  The parties were compelled to transition the child at a neutral location, namely the parking lot of the Sheriff's Department, and to take with them a representative who would escort the child from one car to the other.  Given the amount of conflict between the parties, the court did not err in finding it in the child's best interest to alter the summer schedule in order to minimize the contact between the parties.

{¶19}   The first assignment of error is overruled.

II.

{¶20}   Appellee argues that the court erred in making the increase in child support effective as of the date of the divorce decree.

{¶21}  Appellee cites to *Wayco v. Wayco*, 5th Dist. Stark No. 1998-CA-00279, 1999 WL 174918 (March 8, 1999), in which this Court  held that absent special circumstances, an order of the court modifying child support should be retroactive to the date the parties received notice of the request for modification.  However, in the instant case, the child support order was an initial order of support, not a modification.  While the amount was an increase over the temporary support order, the order was not a modification of an initial support order as in *Wayco*, *supra*.  The trial court did not err in making the support order effective with the filing of the divorce decree.

{¶22}  The assignment of error on cross-appeal is overruled.

{¶23}  The judgment of the Delaware County Common Pleas Court is affirmed. Costs are split equally between the parties.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur