[Cite as *Tramontana v. Thacker*, 2016-Ohio-862.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

JOSEPH TRAMONTANA,

    PLAINTIFF-APPELLANT,           CASE NO. 9-15-33

    v.

JEFFREY THACKER, ET AL.,           O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 12PC0098

**Judgment Affirmed**

Date of Decision: March 7, 2016

APPEARANCES:

    *David H. Lowther* **for Appellant**

**SHAW, P.J.**

{¶1} Plaintiff-appellant, Joseph Tramontana, appeals the August 7, 2015 judgment of the Marion County Court of Common Pleas, Family Division, ordering a graduated process of introduction and communication between Jeffery Thacker and Thacker's minor daughter, of whom Tramontana has temporary legal custody.

{¶2} Tramontana is the child's maternal grandfather. The child was born in 2011 to Thacker and Tramontana's daughter, Ashlee. The child began residing with Tramontana in April of 2011, when both Thacker and Ashlee were sent to prison. The record indicates that Thacker was sentenced to serve a six-year prison term for committing felonious assault against Ashlee and that he had not seen his child since she was two months old.[1]

{¶3} In 2012, Tramontana filed a motion for legal custody of the child initiating this case. Both Thacker and Ashlee waived their right to counsel and signed affidavits stating they believed it was in the best interest of their child for Tramontana to be designated her legal custodian. In its May 22, 2012 agreed judgment entry, the trial court granted Tramontana temporary legal custody of the child and ordered Thacker and Ashlee to have visitation with the child as the parties agreed.

---

[1] It is unclear from the record the precise circumstances giving rise to Thacker's conviction. The parties allude to the fact that both Ashlee and the child were initially named as victims, however Thacker asserted the charges relating to the child were later dismissed as part of the plea agreement.

{¶4} On December 8, 2014, Thacker filed a *pro se* "Motion to Amend Agreed Judgment Entry." In this motion, Thacker claimed he had attempted to contact Tramontana numerous times to establish a visitation schedule and that Tramontana refused to allow Thacker to have contact with the child. Thacker requested the trial court modify its agreed judgment entry to grant him monthly one-hour visitations with the child in prison. In the alternative, Thacker requested monthly thirty-minute video conversations with the child or fifteen-minute telephone calls twice a week. Thacker argued that it was in the child's best interest to grant him monthly visitation because he had made progress in bettering himself while incarcerated and he wished to establish a father-daughter relationship with the child to ease the transition upon his upcoming release from prison.[2]

{¶5} The trial court scheduled a hearing on Thacker's motion and ordered him to be transported from prison so that he could be present. Thacker and Tramontana appeared at the hearing. Notice was served upon Ashlee, but she failed to appear. At the hearing, Thacker provided testimony in support of his motion. Thacker explained that he intended to preserve his residual parental rights when he agreed to the terms in the May 22, 2012 judgment entry designating Tramontana as his daughter's legal custodian. Thacker claimed that since then he attempted to contact Tramontana several times regarding visitation and that

---

[2] The record establishes that Thacker's scheduled release date is sometime in early 2017.

Tramontana refused to communicate with him and interfered with him establishing a relationship with his daughter. In an effort to exercise his parenting rights, Thacker attempted to file his first motion for visitation and in response Tramontana filed a petition to adopt the child, which was later dismissed. [3]

{¶6} Thacker discussed some of the circumstances surrounding the cause for his imprisonment and explained that he was "heavily intoxicated" at the time the domestic violence incident with Ashlee occurred. (Tr. at 7). While in prison, he had completed drug abuse programs to make changes to his life. He stated that he was taking the necessary steps to become a better father and expressed his "desperate" desire to develop a relationship with his daughter. (Id.)

{¶7} Tramontana testified in opposition to Thacker's motion. His testimony revealed that the child had no knowledge of Thacker being her father. He explained that the child, who was four years old at the time of the hearing, was very sensitive to her surroundings and was fearful of loud noises and strange places. He indicated that the child was seeing a counselor and at this point had been unwilling to speak in the counseling sessions. For these reasons, he urged the trial court to deny Thacker's request which would require him to take the child to the prison facility for visitations. However, regarding Thacker's impending release date, Tramontana expressed his willingness to slowly integrate Thacker

---

[3] We note the record indicates that prior to this motion, which is the subject of this appeal, Thacker made several attempts to file a motion to amend the agreed judgment entry which were dismissed by the trial court due to his failure to complete proper service on the parties.

into the child's life when he is no longer in prison. He requested that the trial court delay any visitation order until Thacker is released and has received the appropriate counseling to address any reunification issues. On cross-examination, Tramontana also indicated to Thacker that he would facilitate Thacker's relationship with the child upon his release from prison. Specifically, Tramontana told Thacker that "you would be welcome out to the house whenever you wanted to, when you get out. We're not tryin' to keep her from anybody." (Tr. at 14).

{¶8} On August 7, 2015, the trial court issued a judgment entry finding that Thacker had failed to prove visitation with the child at the place of his incarceration was in her best interest. However, the trial court considered the Thacker's future release date, his intent to exercise his residual parental rights, and the fact that the child had no knowledge of her father. The trial court then made the following finding:

> **The Court finds that it is in the best interest of the child to have the opportunity to have a relationship with her father. In this case is an opportunity to introduce [the child] to the fact that she has a father and who he is, the Defendant in this case. The custodian should begin talking with the child in a supportive unbiased way about who her father is. Father will need to be patient and begin contact through cards and letters so that when he is released from prison there will be a foundation of a relationship for father and child to build upon.**

(Doc. No. 40 at 5).

{¶9} The trial court then devised a plan to gradually introduce Thacker into his daughter's life while he remained imprisoned to help prepare everyone involved for the transition when he is eventually released.

> **It is therefore ORDERED that the Defendant/Father and the Plaintiff shall begin a graduated process of introduction and communication with the minor child as follows:**
>
> **1)   The Plaintiff and his wife will seek counseling in order to be able to assist them in aiding the child through a process of introduction to her father;**
>
> **2)   The child will also participate in counseling to assist her throughout this process;**
>
> **3)   Father shall complete parenting classes that include child development in the curriculum;**
>
> **4)   Father shall send the child a card or letter once per month for two months then two times per month for four months and then four times per month for four months;**
>
> **5)   Father may include pictures with his letters after six months;**
>
> **6)   Plaintiff shall read the letters to the child and shall assist her with reciprocal communication.  Pictures of [the child] may be sent after six months;**
>
> **7)   Plaintiff shall seek the advice of a counselor to assist in the progressive introduction between the child and father;**
>
> **8)   Video conferencing may begin upon recommendation of the counselor, permission of the institution and costs, if any to Father, but not before six months of letter exchanges.**

(Doc. No. 40 at 5-6).

{¶10} Tramontana timely appealed, setting forth one assignment of error.

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING A GRADUATED PROCESS OF INTRODUCTION AND COMMUNICATION BETWEEN AN INCARCERATED FATHER AND A MINOR CHILD WHO HAS NO KNOWLEDGE OF HER FATHER.**

{¶11} In his sole assignment of error, Tramontana asserts that the trial court's order is not supported by the evidence. Specifically, he argues that implementing an order permitting Thacker to have contact with his daughter while in prison is not in the child's best interest.

{¶12} As a preliminary matter, we note that "[a] trial court's establishment of a non-residential parent's [parenting-time] rights is within its sound discretion and will not be disturbed on appeal absent a showing of an abuse of discretion." *McMahan v. McMahan*, 3d Dist. Shelby No. 17-15-06, 2015-Ohio-5054, ¶ 27, citing *Appleby v. Appleby*, 24 Ohio St.3d 39, 41 (1986); *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "The trial court's discretion over [parenting time] in this situation is broader than the court's discretion regarding child custody matters." *McMahan* at ¶ 27, citing *State ex rel. Scordato v. George*, 65 Ohio St.2d 128 (1981). "Furthermore, the trial court must exercise its discretion in the best interest of the child." *Id.*, citing *Bodine v. Bodine*, 38 Ohio App.3d 173, 175 (1988).

**{¶13}** This court recognizes the volume of case law supporting a trial court's decision to deny visitation to an incarcerated parent. While a nonresidential parent's right of visitation should be denied only when extraordinary circumstances exist, imprisonment for a term of years is an extraordinary circumstance supporting a trial court's denial of visitation. *In re Hall*, 65 Ohio App.3d 88, 90 (10th Dist. 1989); *see, also*, *Calhoun v. Calhoun*, 12th Dist. No. CA 95-11-024 (June 10, 1996) (holding that imprisonment for a term of three to ten years is an extraordinary circumstance permitting a trial court to deny visitation). Transporting a young child to a prison on a regular basis to visit with a parent gives rise to an inference of harm to the child, and, thus, gives rise to the presumption such visitation is not in the child's best interest. *See Hall* at 91; *In re Erica*, 65 Ohio Misc.2d 17, 19 (1994). Therefore, once it is established a parent is imprisoned for a crime of violence, the burden of demonstrating visitation would be in the child's best interest shifts to the incarcerated parent. *Hall* at 90-91. The court should grant visitation between a child and an incarcerated parent only where the incarcerated parent demonstrates the visitation is in the best interest of the child. *Hall* at 91.

**{¶14}** In this case, the trial court specifically found Thacker "failed to show that visitation at his place of incarceration is in the best interest of the child" and denied his motion on that basis. (Doc. No. 40 at 4). However, in contemplation of

the unique circumstances presented in the case, the trial court continued its analysis and stated the following:

> **It is true that the Defendant will be released from prison within the next eighteen months. Research has shown that lack of contact with an incarcerated parent may be associated with the child's negative feelings about their incarcerated parent. Research also shows that experiencing no contact with the incarcerated parent was associated with the child's feeling of alienation from the parent. Studies have documented the benefits of mail contact and no study has found documented negative effective of mail contact. Talking to the child in a supportive way will assist the child.** *AM PSYCHOL. 2010 September; 65 (6:575 doi 10.1037/a0020279).*

(Id.) (emphasis sic).

{¶15} On appeal, Tramontana takes exception to the trial court's reliance on "research" and "studies" to support its finding that "it is in the best interest of the child to have the opportunity to have a relationship with her father" and maintains there is no evidence in the record to support this conclusion. (Id. at 4-5). While we cannot condone the trial court's apparent reliance on materials outside of the record, we also cannot find that the trial court's handling of this matter was an abuse of discretion. Thacker retains residual parental rights with respect to his daughter, even though he agreed to designate Tramontana as her legal custodian.

> **"Residual parental rights, privileges, and responsibilities" means those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not necessarily limited to, the privilege of**

> **reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support**.

R.C. 2151.011(B)(49). Thus, Thacker retains a right to reasonable visitation with his daughter. Nevertheless, given the child's tender age and lack of relationship with her father, it was reasonable for the trial court to deny Thacker's request which would require Tramontana to transport the child some distance, from Marion to Toledo, to a prison facility to visit with a person who she does not know.

{¶16} At the same time, recognizing that Thacker is going to be released from prison in the near future and that upon his release he intends to exercise his parental rights of reasonable visitation, which Tramontana claims he is willing to facilitate at that time, the trial court chose to implement a more gradual (and supervised) approach to set (and test) the foundation for this eventuality. With the additional requirement of counseling to protect the best interest of the child we cannot find that the trial court's plan is an abuse of discretion.

{¶17} Accordingly, under these circumstances, we do not find that the trial court abused its discretion in determining that it was in the child's best interest to implement a structured plan of gradual communication to slowly integrate Thacker into his daughter's life while he finishes the remainder of his prison sentence.

Tramontana's assignment of error is overruled and the judgment of the trial court is affirmed.

**_Judgment Affirmed_**

**PRESTON, J., concurs.**

**/jlr**


**ROGERS, J., concurring separately.**

{¶18} While I concur with the result reached in this case, I am concerned with the trial judge's reference to sources outside of the record. Every party is entitled to know what materials are being considered on contested issues, and also entitled the opportunity to present an opposing view. Further, appellate review is limited to those matters that are within the record and the inability to review materials admittedly considered by the trial judge could, in and of itself, be grounds for reversal. This particular case, however, does not require that consequence.