[Cite as *Bruwier v. Bruwier*, 2016-Ohio-7568.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| TODD BRUWIER | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00072 |
| JENNIFER BRUWIER | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Civil appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division, Case No. 2014DR00756

JUDGMENT:  Reversed and Remanded

DATE OF JUDGMENT ENTRY:  October 31, 2016

APPEARANCES:

For Plaintiff-Appellant

JEREMY J. FOLTZ
122 Central Plaza North
Canton, OH 44702

For Defendant-Appellee

JENNIFER A. BRUWIER  PRO SE
515 Bebb Ave. S.W.
Massillon, OH 44647

*Gwin, J.,*

{¶1}   Appellant appeals the March 11, 2016 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, adopting appellee's proposed shared parenting plan.

*Facts & Procedural History*

{¶2}   Appellant Todd Bruwier and appellee Jennifer Bruwier were married in December of 2008.  Appellant and appellee had three children:  H.B., born December 14, 2008, B.B., born October 30, 2011, and M.B., born September 22, 2012.  Appellant filed a complaint for divorce on July 15, 2014.  On September 2, 2014, appellee filed an answer and counterclaim.  Appellee was designated the temporary legal custodian of the three children on September 23, 2014.

{¶3}   In January of 2015, the trial court stayed the case due to appellant filing a bankruptcy petition.  The case was reactivated in June of 2015.  A guardian ad litem was appointed in August of 2015.  Melissa Pitinii ("Pitinii"), the guardian ad litem, filed a report in October of 2015.  In her report, Pitinii completed an analysis of the factors contained in R.C. 3109.04 and recommended appellant be named the residential parent.  As of the date of Pitinii's first report, neither party had filed a proposed shared parenting plan.

{¶4}   On November 30, 2015, appellee filed a proposed shared parenting plan. Though the trial court stated in its later entry that appellant did not file a shared parenting plan, according to the docket, appellant filed a proposed shared parenting plan on January 19, 2016.  Pitinii filed an updated report in January of 2016.  She again went through the factors contained in R.C. 3109.04.  Due to the requests for shared parenting,

Pitinii recommended the parties enter into a shared parenting plan, wherein appellant is named the residential parent for school purposes.

{¶5} The trial court held a hearing on January 26, 2016. Pitinii testified she recommended shared parenting with appellant as the residential parent for school purposes. Pitinii stated appellant was more stable because he is employed. Further, Pitinii testified appellee was not working and did not take the whole custody issue very seriously. Pitinii was concerned about appellee's boyfriend being charged with a misdemeanor drug possession, but had no concerns about appellee using drugs. Pitinii testified her decision in this case is a close call, as the parties have worked well together during the pendency of the case, with appellant receiving more visitation than ordered by the trial court. While Pitinii was concerned about appellee's stability, Pitinii stated she had no concerns about appellee parenting the children. Pitinii also testified appellant has never had custody of the children and is living with his girlfriend. Pitinii confirmed if appellant receives custody of the children, his three children will be living with appellant, his girlfriend, and her two children.

{¶6} Appellant testified he moved out of the martial home in March of 2014. Currently, he has the children every Thursday through Sunday. Appellant believes he should be the residential parent for school purposes because he has more stability as he has a steady job, is in good health, and has no criminal record. Appellant lives with his girlfriend and her two children. Appellant's girlfriend owns the house he lives in and his name is not on the deed. Appellant testified appellee has given him much more visitation than ordered by the court.

{¶7}    Appellee testified she lives in a rental home on which she has a lease. Appellee stated she is extremely involved in her children's lives. Appellee has no problems with the visitation arrangement and wants it to continue. Appellee intends on returning to work and has no health issues. Appellee testified that, throughout the separation, she took care of everything for the children, including providing clothes and groceries.

{¶8}    The trial court issued a judgment entry on February 2, 2016. The trial court found, pursuant to R.C. 3109.04(D)(1)(a), appellee's proposed shared parenting plan did not allocate parenting time with sufficient specificity and thus rejected appellee's plan. However, the trial court found shared parenting was in the best interest of the children. The trial court ordered the parties to each, within thirty days, submit a proposed shared parenting plan, considering Pitinii's input and reflecting the trial court's concerns. Appellant filed a proposed shared parenting plan with himself as the residential parent for school purposes and appellee filed a proposed shared parenting plan with herself as the residential parent for school purposes.

{¶9}    The trial court issued a judgment entry on March 11, 2016. In its entry, the trial court stated the guardian ad litem recommended shared parenting and the parties submitted proposed shared parenting plans as directed by the court. The trial court further stated it reviewed both plans and found appellee's plan to be in the best interest of the children. The trial court adopted appellee's proposed shared parenting plan with appellee named as the residential parent for school purposes.

{¶10}   Appellant appeals the March 11, 2016 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE SHARED PARENTING PLAN SUBMITTED BY THE APPELLEE NAMING APPELLEE RESIDENTIAL PARENT, WHEN THE GUARDIAN AD LITEM UNEQUIVOCALLY RECOMMENDED THAT APPELLANT BE NAMED RESIDENTIAL PARENT.

{¶12} II. THE TRIAL COURT CLEARLY VIOLATED R.C. 3109.04(D)(1)(A)(ii) WHEN IT FAILED TO MAKE SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE REASONS IT DENIED APPELLANT'S PROPOSED SHARED PARENTING PLAN."

II.

{¶13} For ease of discussion, we will first address appellant's second assignment of error. In his second assignment of error, appellant argues the trial court violated R.C. 3109.04(D)(1)(a)(ii) and (iii) when it failed to make specific findings of fact and conclusions of law as to the reasons it denied appellant's proposed shared parenting plan and adopted appellee's proposed shared parenting plan.

{¶14} R.C. 3109.04(D)(1)(a) provides, in pertinent part:

(ii) If each parent * * * files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan * * * if the court approves a plan under this division * * * the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. * * *

(iii) if only one parent * * * files a plan, the court * ** may approve the plan *

* * the court enter in the record of the case findings of fact and conclusions

of law as to the reasons for the approval or the rejection or denial.

Further, in determining the best interest of a child, the court shall consider all relevant factors contained in R.C. 3109.04(F).

{¶15} As this Court stated in *Phillips v. Phillips*, 5th Dist. Stark Nos. 2004CA00105, 2004CA00005, 2005-Ohio-231, "when the allocation of parental rights and responsibilities is contested, before approving or adopting a shared parenting plan, the trial court is required to make findings of fact and conclusions of law, pursuant to R.C. 3109.04(D)(1)(a)(ii) and (iii)" and "to determine whether the plan is in the best interest of the children." However, a trial court may substantially comply with these statutes if there are sufficient findings of fact and conclusions of law to permit this Court to conduct a meaningful review. *Haynes v. Haynes*, 5th Dist. Coshocton No. 2010-CA-01, 2010-Ohio-5801.

{¶16} We find this case analogous to *Phillips*. The trial court ordered the parties to submit proposed shared parenting plans. However, in its judgment entry, the trial court stated only that it "has reviewed the proposed Shared Parenting Plans and finds that the attached Plan is in the best interests of the children." The trial court failed to articulate any findings of fact or conclusions of law pursuant to R.C. 3109.04(D)(1)(a)(ii) and (iii) as to why it adopted appellee's proposed shared parenting plan or how it analyzed the factors contained in R.C. 3109.04(F). There are not sufficient findings of fact and conclusions of law to permit this Court to conduct a meaningful review.

{¶17} While appellant suggests the trial court could not disregard Pitinii's recommendation that appellant be named the residential parent, this Court has previously held that a trial court has discretion to follow or reject the recommendations of a guardian ad litem. *Wine v. Wine*, 5th Dist. Delaware No. 04 CA F 10 068, 2005-Ohio-975; *Hammons v. Hammons*, 5th Dist. Delaware No. 13 CAF 07 0053, 2014-Ohio-221. However, as noted above, there are not sufficient findings of fact and conclusions of law to permit this Court to conduct a meaningful review as to whether the trial court abused its discretion in adopting the proposed shared parenting plan submitted by appellee and denying the plan submitted by appellant.

{¶18} Appellant's second assignment of error is sustained. Based on our disposition of appellant's second assignment of error, we find appellant's first assignment of error is moot because there are not sufficient findings of fact and conclusions of law for this Court to review whether the trial court abused its discretion in adopting appellee's proposed shared parenting plan. The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings consistent with this opinion.

By Gwin, J.,

Farmer, P.J., and

Wise, J., concur

WSG:clw 1013