[Cite as *In re J.A.S.*, 2022-Ohio-2508.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: J.A.S. | : | JUDGES: |
|  | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2021 AP 12 0033 |
|  | : |  |
|  | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 2021 CC 00159

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      July 21, 2022

APPEARANCES:

For-Appellant                 For-Appellee

DAVID C. KNOWLTON
111 South Buckeye Street
Suite 270
Wooster, OH 44691

*Gwin, J.*

**{¶1}** Appellant S.S. appeals the December 14, 2021 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

**{¶2}** On September 20, 2021, appellant S.S. filed a complaint for custody and specific findings with respect to the eligibility of J.A.S. for Special Immigrant Juvenile Status ("SIJ"). S.S. is the sibling of J.A.S., a minor child. J.A.S. was born on March 1, 2009. The complaint requested the following findings: reunification with one or both of the child's parents is not viable due to the abandonment, neglect, or abuse of the parents; it is not in the best interest of J.A.S. to be returned to his previous country of nationality or country of last habitual residence, Guatemala, as there is no one in that country who could care for him; and it is in the best interest of J.A.S. to remain in the United States.

**{¶3}** S.S. attached her own affidavit to the complaint. She averred as follows: J.A.S. is currently residing with her in Dover; their father ("Father") left them when J.A.S. was six years old; Father was very abusive to all of them; their mother ("Mother") was abusive to J.A.S., and she can no longer provide for J.A.S.; J.A.S. suffers from depression from the pain he experienced living with his parents; S.S. can provide a stable and safe home for J.A.S.; and it is in the best interest of J.A.S. for S.S. to be his sole custodian.

**{¶4}** Appellant also filed the affidavit of Mother stating as follows: Father abandoned her and J.A.S. when J.A.S. was almost six years old; Father has never been present in J.A.S.'s life since he left; Father never provided for J.A.S.; and she does not know Father's whereabouts.

{¶5} The trial court held a hearing on appellant's complaint on November 16, 2021. Appellant testified she has lived in the United States for eight years. Appellant stated Father was an alcoholic, and abused his children, including J.A.S. Father abandoned J.A.S. when he was six years old. Appellant stated that when J.A.S. was in Guatemala, he was not able to attend school, and did not have food or clothing.

{¶6} Appellant testified J.A.S. has been living with her and husband for approximately five or six months. Appellant and her husband both work, and have money to pay for J.A.S.'s food, clothing, and medical expenses. J.A.S. attends middle school. Appellant believes it is in J.A.S.'s best interest to stay with her in the United States because his life would be in danger if he returned to Guatemala. Upon questioning by the trial court, appellant stated she paid for a bus to transport J.A.S. to the United States.

{¶7} In lieu of the minor child's testimony regarding his current mental state and the abuse that occurred in Guatemala, appellant submitted, and the trial court admitted into evidence, Exhibit 1. Exhibit 1 is the report of Robin Chancer ("Chancer"), a licensed clinical social worker, who completed a psychological evaluation on J.A.S. Chancer diagnosed J.A.S. with post-traumatic stress disorder due to Father's violence towards him, including being hit with objects, repeatedly being struck in the head by Father, and being threatened with a gun by Father.

{¶8} The trial court issued a judgment entry on November 18, 2021. The trial court first found that J.A.S. meets the definition of child under R.C. 2151.011(B)(6), and therefore is subject to the trial court's jurisdiction. The trial court additionally found it had jurisdiction under Ohio law "to make judicial determinations about the custody and care of juveniles" as defined in 8 C.F.R. § 204.11(a), because R.C. 2151.23(F)(1) provides

that the juvenile court "shall exercise its jurisdiction in child custody matters." Next, the trial court cited the following provision of R.C. 3109.04(D)(2), "if the court finds that it is in the best interests of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative." Finally, the trial court cited R.C. 3111.13(C) which states, in pertinent part, "a judgment or order may contain provisions concerning any other matter in the best interests of the child."

{¶9} The trial court determined that, pursuant to the court's authority, "it is in the best interest of the minor child, [J.A.S.], to be placed in the legal custody of his sister, [S.S.]."

{¶10} On December 9, 2021, appellant filed a "motion for ruling on all relief requested in plaintiff's complaint." Appellant requested findings of fact and conclusions of law. She specifically requested findings with regard to SIJ status as requested in her complaint. The trial court issued a judgment entry on December 14, 2021. The court reaffirmed its finding that it is in the best interest of J.A.S. to be placed into appellant's legal custody. The trial court then stated, "based on the evidence presented on November 16, 2021, all other requested findings in the Plaintiff's Complaint filed on September 20, 2021 are hereby DENIED."

{¶11} Appellant appeals the December 14, 2021 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN SUMMARILY DENYING PLAINTIFF'S REQUEST FOR SPECIFIC

FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO THE BEST INTEREST OF THE MINOR CHILD."

I.

{¶13} "A trial court has broad discretion in proceedings involving the care and custody of children." *In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, 953 N.E.2d 302. We review a juvenile court's decision to grant legal custody under an abuse-of-discretion standard. *In re H.J.H.*, 1st Dist. Hamilton No. C-180019, 2019-Ohio-116. However, questions of law are examined by this Court de novo. *Consumers' Counsel v. Pub. Util. Comm.*, 58 Ohio St.2d 108, 388 N.E.2d 1379 (1979). Accordingly, to the extent appellant's assignment of error involves a question of law, we review it de novo.

{¶14} SIJ status was added to the Immigration and Nationality Act in 1990 "to enable immigrant children who have been subject to abuse, neglect, or abandonment by one or both of their parents to remain in the United States." 8 U.S.C. § 1101(a)(27)(J). Obtaining SIJ status is a multistep process that requires involvement of both state courts and federal agencies. *Guardianship of Penate*, 477 Mass. 268, 76 N.E.3d 960 (2017).

{¶15} The application process for SIJ status is set forth in the Federal Immigration and Nationality Act, and involves two primary steps. First, the child, or, as here, someone acting on the child's behalf, must obtain a predicate order from a state juvenile court that includes certain factual findings. *In re J.J.*, Ct. of Special Appeals of Maryland, No. 1421, 2022 WL 390835 (Feb. 9, 2022). Without that order, a child, or someone acting on the child's behalf, cannot apply for SIJ classification. *Id.; In the Matter of Guardianship of Luis*, 114 N.E.3d 855 (Ind.App. 2018). Second, the child, or a person acting on the child's behalf, must submit an application, along with the predicate order and other supporting

documents, to United States Citizenship and Immigration Services ("USCIS") for review. To apply for SIJ status with the USCIS, the petitioner must first obtain the following special findings from a juvenile court:  (1) the child is dependent on a juvenile court, or under the custody of an agency or department of a State, or an individual entity appointed by the court or State; (2) reunification with one or both parents is not viable due to abuse, neglect, or abandonment; and (3) returning the child to his or her country of origin would not be in the child's best interest.  8 U.S.C. § 1101(a)(27)(J).

{¶16}  The criteria for eligibility for SIJ status has changed over time.  Initially, eligibility was limited to abused, abandoned, or neglected noncitizen children eligible for long-term foster care.  U.S. Citizenship & Immigration Servs., Policy Manual, vol. 6, Chapter 1(A).  Several amendments have been made to federal law since its initial establishment in 1990.  In 2008, the Trafficking Victims Protection and Reauthorization Act of 2008 removed the need for a juvenile court to deem a child eligible for long-term foster care and replaced it with the requirement that a juvenile court find the reunification with one or both parents is not viable due to abuse, neglect, abandonment, or a similar basis under state law.  *Id.* at Chapter 1(B).  The 2008 amendment also made clear that state juvenile courts must make their determinations regarding abuse, neglect, abandonment, reunification, and best interest, based on state law.  *Id.* at Chapter 2(C).

{¶17}  The framework trial courts should utilize when assessing the requisite SIJ factors comes from 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11, which require that: (1) the minor is presently in the U.S., unmarried, and under the age of 21; (2) the minor is dependent on the court or has been placed under the custody of a state agency, department, or individual appointed by the court; (3) the presiding court has jurisdiction

under Ohio law to make determinations about the minor's custody and care; (4) reunification with one or both of the minor's parents is not viable due to any of the following: abuse, neglect, abandonment, or a similar basis under state law; and (5) it is not in the minor's best interest to return to his or her country of nationality or last habitual residence.  The USCIS must then determine whether to grant or deny the petition.

{¶18}  Courts have described this process as a "unique hybrid procedure that directs collaboration of state and federal systems," where the state juvenile court is charged with making the factual inquiry relevant to SIJ status.  *In the Matter of Guardianship of Luis*, 114 N.E.3d 855 (Ind.App. 2018)

{¶19}  The United States Court of Appeals for the Sixth Circuit has held that a state court has the jurisdiction to make the determination regarding whether sending a child back to his or her home country would be in the child's best interest.  *Gao v. Jenifer*, 185 F.3d 548 (6th Cir. 1999).  However, the balance of the issues presented in this appeal have not been addressed in Ohio.  State courts in a number of other jurisdictions have addressed issues relating to requests for predicate findings required for SIJ applications; accordingly, we examine those authorities for guidance and interpretation of these issues.

{¶20}  By making preliminary factual findings, the juvenile court is not rendering an immigration determination, and does not determine whether the child will ultimately be eligible for SIJ status.  Accordingly, multiple other states have held that a trial judge is "not a gatekeeper tasked with determining the legitimacy of [SIJ] petitions," and cannot decline to make the SIJ findings based on their assessment of whether the SIJ application will be successful.  *Kitoko v. Salomao*, 210 Vt. 383, 215 A.3d 698 (2019) (child's motivation is irrelevant to the judge's special findings, as determining the legitimacy of

SIJ petitions is the job of the USCIS); *Marcelina M.-G. v. Israel S.*, 112 A.D.3d 100, 973 N.Y.S.2d 714 (2013) (juvenile court is not rendering an immigration determination; the final decision rests with the USCIS); *In the Matter of Guardianship of Luis*, 114 N.E.3d 855 (Ind.App. 2018) (although the juvenile court determines whether the evidence supports the findings, the final decision regarding SIJ status rests with USCIS); *Hernandez-Lemus v. Arias-Diaz*, 480 Mass. 1002, 100 N.E.3d 321 (2018) (a judge may not decline to make special findings based on their assessment of the likelihood that the SIJ application will be successful or consider the juvenile's motivation for seeking SIJ status); *H.S.P. v. J.K.*, 223 N.J. 196, 121 A.3d 849 (2015) (all immigration decisions remain in the hands of USCIS, the juvenile court is not making an immigration decision by making these factual findings); *Romero v. Perez*, 463 Md. 182, 205 A.3d 903 (2019) (state court's role is limited; findings do not confer any immigration benefits); *Canales v. Torres Orellana*, 67 Va.App. 759, 800 S.E.2d 208 (2017) (statute clearly leaves to the federal officials the ultimate determination of SIJ).

{¶21} The USCIS has made it clear that a finding that reunification with one parent is not viable is sufficient for purposes of the SIJ application. "A qualifying court-ordered custodial placement could be with one parent, if reunification with the other parent is found to be not viable due to that parent's abuse, neglect, abandonment, or similar maltreatment." U.S. Citizenship & Immigration Servs., Policy Manual, vol. 6, Chapter 2(C)(1); see also Chapter 2(C)(3) (the best interest analysis "would not change if the chosen caregiver [in the United States] is a parent") & Chapter 3, Footnote 17 (the 2008 amendments "replaced the need for a juvenile court to deem a juvenile eligible for long-term foster care with a requirement that the juvenile court find reunification with one or

both parents not viable. USCIS interprets [these amendments] as a clarification that petitioners do not need to be eligible for or placed in foster care and that they may be reunified with one parent or other family members. However, USCIS requires that the reunification no longer be a viable option with at least one parent"); *Marcelina M.-G. v. Israel S.*, 112 A.D.3d 100, 973 N.Y.S.2d 714 (2013) (based on the plain language of statute, a possibility of reunification with one parent does not bar SIJ eligibility); *In re: Ervin C-R.,* 2020 IL App.2d 200236, 179 N.E.3d 898 (child need not have a non-parent guardian appointed in order to qualify for SIJ findings).

{¶22} Additionally, actual termination of parental rights is not required. U.S. Citizenship & Immigration Servs., Policy Manual, vol. 6, chapter 2(C)(2) ("the juvenile court must determine that reunification with one or both parents is not viable due to abuse, neglect, abandonment, or a similar basis under the relevant state laws * * * actual termination of parental rights is not required"); *Lopez v. Serbellon Portillo*, 136 Nev. 472, 269 P.3d 181 (2020) (consideration of whether a parent has abandoned a child such that reunification is not viable is broader than the consideration of whether a parent's abandonment of a child warrants termination of parental rights).

{¶23} In this case, there is a legal custody order, which is a judicial order allocating sole decision-making responsibilities and parenting time to appellant. This is an order affecting the minor child's custody and care. Since J.A.S. is an unmarried, resident alien who has been placed in the legal custody of his sister, the trial court is charged with making the factual inquiry relevant to the minor child's SIJ status.

{¶24} Trial courts should make factual findings with regard to each of the requirements, i.e., best interest and whether reunification with one or both parents is not

viable due to abuse, neglect, or abandonment.  *H.S.P. v. J.K.*, 223 N.J. 196, 121 A.3d 849 (2015); *Romero v. Perez*, 463 Md. 182, 205 A.3d 903 (2019) (when a party requests SIJ findings, a trial court should issue independent factual findings).  The USCIS states the "record should reflect the factual basis for the juvenile court's determination."  U.S. Citizenship & Immigration Servs., Policy Manual, vol. 6, chapter 2(C)(3).

{¶25} Although the trial court is authorized to conclude appellant failed to present evidence to support the SIJ factors, the court has a duty to consider the SIJ factors and make factual findings with regard to each of the requirements.  *In re J.J.X.C.*, 318 Ga. App. 420, 734 S.E.2d 120 (2012); *H.S.P. v. J.K.*, 223 N.J. 196, 121 A.3d 849 (2015); *Romero v. Perez*, 463 Md. 182, 205 A.3d 903 (2019) (when a party requests SIJ findings, a trial court should issue independent factual findings); *In the Matter of Guardianship of Luis*, 114 N.E.3d 855 (Ct. Apps. Ind. 2018) (trial court has duty to consider the SIJ factors and make factual findings).

{¶26} In this case, the trial court had to determine whether the evidence presented was sufficient to support a finding that reunification with one or both of the minor child's parents is not viable due to abandonment, neglect, or abuse, as those terms are defined under Ohio law.  However, based upon the record and judgment entry issued by the trial court, it is not clear whether the trial court found it was not authorized to issue these findings, or whether it determined the evidence presented by appellant was insufficient to show that reunification with one or both parents was not viable because of abuse, neglect, or abandonment.  Our review of the trial court's decision is impaired by the lack of factual findings by the trial court.

**{¶27}** In accordance with federal law, the juvenile court must also determine whether it would be in the best interest of the child to be returned to the country of nationality or last habitual residence, using the factors that it normally considers when making best interest determinations. U.S. Citizenship & Immigration Servs., Policy Manual, vol. 6, chapter 2(C)(3). Further, "the record should reflect the factual basis for the juvenile court's determination." *Id.*

**{¶28}** Pursuant to Ohio law, the trial court is not required to specifically list or cite to each factor set forth in determining the best interest of the child, including those listed in R.C. 3109.04, or any other factor the trial court deems relevant. *Rickman v. Rickman*, 5th Dist. Holmes No. 15CA014, 2016-Ohio-132. A trial court may substantially comply with these statutes if there are sufficient findings of fact and conclusions of law to permit this Court to conduct a meaningful review. *Bruwier v. Bruwier*, 5th Dist. Stark No. 2016CA00072, 2016-Ohio-7568. However, the findings "must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Truex v. Truex*, 5th Dist. Stark No. 2008CA00018, 2008-Ohio-5690.

**{¶29}** After reviewing the record, the uncontroverted evidence, and the judgment entries in this case, we find that neither the record nor the trial court's ruling provide this Court with a sufficient basis from which we can determine whether the trial court's judgment with regards to the SIJ findings constituted an abuse of discretion. *Truex v. Truex*, 5th Dist. Stark No. 2008CA00018, 2008-Ohio-5690; *Bruwier v. Bruwier*, 5th Dist.

Stark No. 2016CA00072, 2016-Ohio-7568. The trial court failed to articulate any findings or fact or conclusions of law as to why it rejected appellant's request for SIJ findings.

**{¶30}** Additionally, the trial court's judgment entries are inherently in conflict. The Ohio Supreme Court has held that a trial court must make a parental unsuitability determination before awarding legal custody to a nonparent. *In re Hockstok*, 98 Ohio St.3d 238, 781 N.E.2d 971 (2002); *Mizer v. Mizer*, 5th Dist. Knox No. 18-CA-05, 2018-Ohio-3453. Unsuitability as a parent is established if: (1) the parent has abandoned the child, (2) the parent contractually relinquished custody of the child, (3) the parent has become incapable of supporting or caring for the child, or (4) an award of custody would be detrimental to the child. *Id.* Because the court found that it was in the best interest of J.A.S. for his sister to have legal custody, it is not clear why it denied the request for a special SIJ finding with regard to abandonment, abuse, or neglect.

**{¶31}** Further, while the trial court found it was in the best interest of J.A.S., pursuant to R.C. 3109.04, to be in the legal custody of appellant, it also denied appellant's request for special findings with regards to best interest, without explanation or review of the applicable factors under Ohio law.

{¶32} Appellant's assignment of error is sustained.  The December 14, 2021 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.  Upon remand, the findings of fact and conclusions of law should be explicit enough to sufficiently apprise the parties and this Court of the grounds for the decision regarding the portion of appellant's complaint requesting special SIJ findings.  *Kess v. Kess*, 5th Dist. Delaware No. 17 CAF 05 0029, 2018-Ohio-1370.

By Gwin, J.,

Wise, Earle, P.J., and

Baldwin, J., concur